IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

BRANDON CRIDER,

       Plaintiff,

vs.                                              No. 06-2535-JDB/dkv

SHELBY COUNTY, et al.,

       Defendants.

_____

ORDER OF PARTIAL DISMISSAL
AND
NOTICE TO ISSUE AND EFFECT SERVICE ON REMAINING DEFENDANTS
_____

Plaintiff Brandon Crider, prison registration number 373044, an inmate presently housed at the Special Needs Facility in Nashville, Tennessee, who was formerly incarcerated at the Shelby County Criminal Justice Complex ("Jail"), filed this complaint under 42 U.S.C. § 1983 in the United States District Court for the Middle District of Tennessee.  On July 14, 2006, United States District Judge Todd J. Campbell assessed the filing fee and transferred the action to this district court.  The Clerk of Court

shall record Defendants as Shelby County,[1] Mark Luttrell, Mrs. Reece, and Sergeant Strong.

I.    ANALYSIS OF PLAINTIFF'S CLAIMS AND ORDER OF PARTIAL DISMISSAL

Crider, a paraplegic, sues the Defendants alleging that he was confined under inhumane circumstances and denied needed medical attention and supplies during his incarceration at the Shelby County Jail from August 6, 2005, until his transfer to the Tennessee Department of Correction.  He alleges that he requires laxative suppositories and condom catheters due to his paralysis, but the Jail refused to provide them.  The inmate states that he wore a single condom catheter until his penis ulcerated due to Defendants refusal to provide him with additional catheters. Defendant Strong allegedly advised Plaintiff Crider that if he urinated or defecated on himself, Plaintiff would have to clean himself.  Crider claims that due to his paralysis, he cannot do so.

Plaintiff contends that he requires special shoes due to amputations and bone infection and that his shoes were placed in the institutional property room.  Crider states that he requested that an officer bring his shoes but Defendant Strong refused to

---

[1]     Plaintiff named the Shelby County Sheriff's Department, the Shelby County Jail, and the Shelby County Jail Medical Department as Defendants.  As governmental departments and institutions are not suable entities, the Court construes the claims against Shelby County alone as the Defendant. See generally Hafer v. Melo, 502 U. S. 21 (1991).  Plaintiff also named "Fictitious Parties (a), (b), (c), (d), (e), (f)" as defendants.  It is well settled that a complaint cannot be commenced against fictitious parties.  Bufalino v. Michigan Bell Tel. Co., 404 F.2d 1023, 1028 (6th Cir. 1968); see also Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996) (explaining that a claim naming fictitious "John Doe" defendants does not commence an action and that a subsequent amendment identifying the defendants cannot relate back under Rule 15).

allow the inmate to have his shoes.  Crider insists that when another inmate alerted Defendant Reese, the Director of Health Services, to Plaintiff's condition, she allowed Plaintiff to be evaluated by a medical doctor and ordered that he receive condom catheters and suppositories.  Plaintiff states that Jail staff did not comply with her orders and he never received the suppositories or condom catheters while at the Jail.

A local governmental entity, such as a county, "is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the [county] itself is the wrongdoer."  Collins v. City of Harker Heights, Tex., 503 U.S. 115, 121 (1992).  See also Jett v. Dallas Independent School District, 491 U.S. 701, 726-29 (1989)(discussing history of civil rights statutes and concluding that Congress plainly did not intend to impose vicarious liability on counties, municipalities or other local governmental bodies); City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)(rejecting simple vicarious liability for municipalities under § 1983); City of St. Louis v. Praprotnik, 458 U.S. 112, 122 (1988)(interpreting rejection of respondeat superior liability by Monell v. Dept. of Soc. Serv., 436 U.S. 658, 691 (1978), as a command that "local governments . . . should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights"); Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986)(same); Stemler v. City of Florence, 126 F.3d 856, 865 (6th Cir. 1997)(rejecting claims against city and county

3

and holding that "in order to state a claim against a city or a county under § 1983, a plaintiff must show that her injury was caused by an unconstitutional 'policy' or 'custom' of the municipality", citing <u>Pembaur</u>).

In this case, it is clear from the complaint that Plaintiff relies entirely on the fact that he was confined at the Shelby County Jail as the basis for his claim that Shelby County violated his civil rights.  None of the facts alleged supports an inference that Plaintiff was harmed by an unconstitutional custom or policy of the county.

II.   <u>ORDER TO ISSUE AND EFFECT SERVICE</u>

It is ORDERED that the Clerk shall issue process for Defendants Mrs. Reese and Sergeant Strong.  Service shall be made on all individual defendants either by mail pursuant to Rule 4(e)(1) and Tenn. R. Civ. P. 4.03 and 4.04(10) or personally pursuant to Rule 4(e)(2) if mail service is not effective.  All costs of service shall be advanced by the United States.

It is further ORDERED that Plaintiff shall serve a copy of every further document filed in this cause on the attorney for each Defendant, or on the Defendant if he or she has no attorney. Plaintiff shall make a certificate of service on every document filed.  Plaintiff shall promptly notify the Clerk of any change of address or whereabouts.

Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 27th day of August, 2007.

                                  s/ J. DANIEL BREEN

                                  UNITED STATES DISTRICT JUDGE